[Civ. No. 3085. Third Appellate District.—November 20, 1928.]

EUGENE K. MARTIN, Respondent, v. JOHN McMAHAN et al., Appellants.

Emmons & Aldrich for Appellants.

Dorsey & Campbell for Respondent.

PLUMMER, J.—The plaintiff had judgment in this action for the sum of $1,800, the amount found due from the defendants for and on account of architect's fees. From this judgment the defendants appeal.

The action is for services as an architect, performed by the plaintiff for the defendants, based upon the following writing, to wit:

"Service Order

"From McMahan Furniture Co.

"To Eugene K. Martin, Architect, Bakersfield, California.

"Your office is hereby authorized to render full professional services in connection with the construction and completion of a store and apartment building as per plans now in our files. This building not to exceed $60,000.00, your compensation will be $150.00 and no more if building cannot be built for this sum.

"Located at ————.

"Plans to be property of McMahan Furniture Co.

"Payments will be made per schedule of the American Society of Architects.

"Signature:

"Owner, McMAHAN FURNITURE Co.

"Legal Representative, J. I. McMAHAN.

"City.

"Date 5/1/22."

After finding that the architect's fees should be calculated at the rate of five per cent upon the cost of the building, the trial court found as follows:

"That plaintiff prepared the plans and specifications in accordance with said agreement; that the plans and specifications so prepared by plaintiff were accepted by said defendants and as so accepted called for the expenditure of less than Sixty Thousand Dollars ($60,000.00), to-wit: for Fifty-five Thousand Dollars ($55,000.00); that the building was erected by the defendants according to the plans and specifications so prepared by plaintiff, save and except that the apartments on the second floor as shown by the plans and specifications were omitted by the defendants in the erection of said building; that the plans and specifications prepared by the plaintiff were the only plans and specifications used by the defendants in the erection of said building; that the contract price for the erection of said building was Thirty-nine Thousand Dollars ($39,000.00); that plaintiff did not supervise the construction of said building; that the defendants have paid plaintiff on account the sum of One Hundred Fifty Dollars ($150.00) and no more; that by the terms of the contract plaintiff is entitled to receive as compensation for preparing plans and specifications five per cent of Thirty-nine Thousand Dollars ($39,000.00) or Nineteen Hundred Fifty Dollars ($1950.00) no part of which has been paid, save and except the sum of One Hundred Fifty Dollars ($150.00); that there is now due, owing and unpaid from defendants to plaintiff the sum of Eighteen Hundred Dollars ($1800.00)."

The trial court also made an omnibus finding which is in the words and figures following:

"That all of the allegations of plaintiff's complaint not inconsistent with these findings are true and all the denials

in defendants' answer not consistent with these findings are untrue."

The contention is made upon this appeal that under the contract the plaintiff was entitled only to the sum of $150, for the reason that after all the changes in the plans, made at the request of the owners, the lowest bid for the construction of the building was for the sum of $68,000. The record, however, shows the following, and amply supports the finding of the court: That when the plans were completed for the construction of the building as originally designed, a bid was received for the erection of the building at a cost of $55,000. The record shows that after this bid was received a number of changes were made at the request of the defendants, and bids again called for, and, as herein stated, the lowest bid for the erection of the building was $68,000. Following the receipt of this bid the defendants eliminated from the building a number of items relating to the upper stories thereof, and then, using the same plans, obtained the construction of the building for the sum of $39,000. Based upon this record the court found that the plaintiff was entitled to this compensation at the rate of five per cent upon the cost of the building, that being the rate contemplated in the contract where it provides "that payment will be made per schedule of the American Society of Architects."

While the law is well settled that where the agreement provides for a building not to cost more than a certain sum, the architect is not entitled to compensation under a contract such as was signed by the parties in this case, it also seems to be pretty well settled that if, after the plans are drawn as contemplated by the parties in the first instance, they are so changed by the owners as to increase the cost of the building, the architect is entitled to compensation. (5 C. J., p. 262; *Benenato* v. *McDougall,* 166 Cal. 405 [Ann. Cas. 1915C, 871, 49 L. R. A. (N. S.) 1202, 137 Pac. 8].)

The final objection of appellants is based upon the omnibus finding hereinbefore set forth, the contention being that it is impossible to ascertain what allegations in the plaintiff's complaint are inconsistent or consistent with the findings, and also, what denials in the answer filed by the defendants are, or are not consistent, with the findings. If this were the only finding made by the trial court,

appellants' contention would be well founded. The trial court, however, having found all that was necessary to sustain the judgment, the omnibus finding may be disregarded. This is amply shown by the opinion of the supreme court in the case of *Turner* v. *Turner*, 187 Cal. 632 [203 Pac. 109]; and the cases cited on page 635 of the same volume.

Finding no merit whatever in the defendants' appeal, the judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.