Van Ryn and another, Appellants, vs. Rock County, Respondent.

*March 10—June 6, 1933.*

*Arthur M. Fisher* of Janesville, for the appellants.

For the respondent there was a brief by *Roscoe Grimm,* district attorney of Rock county, and *George A. Garrigan,* special assistant district attorney, and oral argument by *Mr. Garrigan.*

The following opinion was filed April 11, 1933:

Rosenberry, C. J. It appears from the allegations of the complaint that the plaintiffs are architects duly registered as such; that during the time subsequent to the 1st day of August, 1918, and prior to the 14th day of December, 1922,

plaintiffs negotiated with the defendant with respect to furnishing plans and specifications for a proposed tuberculosis sanatorium; that during said period plaintiffs offered to furnish the defendant preliminary sketches and plans; that such offer was made with the understanding that if the defendant should decide not to build the sanatorium there would be no charge for plaintiffs' services, but if the defendant should decide to build such sanatorium, then plaintiffs were to receive a stated compensation for their services. As a result of the negotiations the plaintiffs furnished preliminary sketches and plans; that by resolution adopted on November 16, 1922, the county board of Rock county decided to build a sanatorium in the year 1923. Other allegations not material to the determination of the question presented here appear in the complaint.

It is then alleged that construction of the sanatorium was delayed until the year 1928; that in disregard of the contract the defendant hired other architects to prepare plans and specifications for the sanatorium as erected. It is further alleged:

"That by reason of the breach of said contract by the defendant and the employment by defendant of other architects for such sanatorium building the plaintiffs have sustained loss and damage in the sum of eighteen hundred dollars together with interest; . . . that no part thereof has been paid."

It is also alleged that the claim was properly presented to the county board of Rock county for allowance and was disallowed.

For a second cause of action the plaintiffs set out substantially the same facts as alleged, the reasonable value of the services to be $1,800, and seek recovery on *quantum meruit*.

We find no ground of liability on the part of the defendant to the plaintiffs under the facts stated in the complaint. There is no allegation that the services rendered by the

plaintiffs in furnishing preliminary plans and specifications were in any way utilized by the defendant county in the construction of the building erected in 1928. In the absence of such an allegation the plaintiffs cannot recover upon a *quantum meruit,* it being alleged as a part of both causes of action that the services were furnished under an arrangement by which compensation for the preliminary plans and specifications was to be made only in the event that the defendants erected the proposed building. It appears from the complaint that the defendant did not erect the building proposed, but four or five years later erected a sanatorium according to plans and specifications furnished by other architects. There being no allegations in the complaint that the services rendered by the plaintiffs were in any way utilized by the defendant, the complaint states no cause of action *quantum meruit.* It is quite apparent that the plaintiffs were willing to furnish preliminary plans and specifications under an arrangement by which the plaintiffs ran the risk of receiving no compensation if they were not employed to furnish the final plans and specifications or that the preliminary plans and specifications furnished by them were not in fact used.

It is not necessary to consider whether one county board can by its action bind another county board with reference to the exercise of governmental functions. In order for the plaintiffs to recover, the plaintiffs must show either that they had a valid contract or performed services of value to the defendant. Neither of these circumstances appearing, the court properly sustained the demurrer to the complaint. It appears also that the action is barred by the six-year statute of limitations. The cause of action, if any, arose in 1923 and this action was not begun until February, 1930.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on June 6, 1933.