[Civ. No. 7601.   Third Dist.   Sept. 2, 1949.]

JOSEPH W. ROWELL, Appellant, v. HENRY T. CROW
et al., Respondents.

Calkins, Hall, Linforth & Conard and Maurice E. Gibson
for Appellant.

Hawkins & Hawkins for Respondents.

ADAMS, P. J.—Appellant, an architect, brought this action
to recover from respondents the sum of $20,207 alleged to be
due him for professional services rendered. From a judg-
ment for respondents he perfected this appeal.

So far as pertinent to this appeal, the appellant alleged
that on or about May 28, 1945, he entered into an oral con-
tract with respondents whereby it was agreed he would pre-
pare architectural, structural, mechanical and electrical
engineering plans and specifications for respondents to be
used in the erection of a five-story fireproof hotel building

in the city of Modesto and to superintend the erection thereof; that bids were invited thereon, the lowest of which was $598,819; that respondents failed and refused to proceed with the erection of the building and by reason thereof he was entitled to the sum above mentioned.

The trial court found in favor of respondents on the allegations set up in their defense that the oral agreement alleged by appellant was subject to the condition that the plans and specifications would be so drawn by appellant that the building would cost not more than $250,000, which was all respondents could and would pay for its construction; that by reason of the fact that the lowest bid of $598,819 was far in excess of $250,000 the respondents received no benefit whatever from appellant's services.

The trial court found:

''That on or about the 28th day of May, 1945, plaintiff entered into an oral contract with defendants, and each of them, wherein and whereby it was agreed that plaintiff would prepare architectural, structural, mechanical and electrical engineering plans and specifications for the defendants, and each of them, for the erection of a hotel building known as the 'Hotel Modesto' in Modesto, Stanislaus County, California. There was no agreement between the parties to said oral contract that the plaintiff was to superintend the erection thereof from said plans for the sum of six per cent, or any other per cent of the contract price of said building, sixty per cent, or any other per cent of such fee to be due and payable when said plans and specifications were completed and bids received thereon. That at the time said contract was entered into, defendants stated to plaintiff that they would not build a hotel building that would cost over $250,000.00, and that they had available for the construction cost thereof only $122,000.00 and that they would not obligate themselves to borrow in excess of $125,000.00 and, therefore, would not build a hotel building unless the hotel building could be built for a sum not to exceed $250,000.00, and if plaintiff could prepare plans and specifications for a building to cost not more than $250,000, he could proceed to draw such plans. That plaintiff assented to such condition and prepared plans and specifications for a hotel building and took bids therefor, and the lowest bid for the construction of such building, not including the cost of elevators, was $598,819.00, and the lowest bid for the elevators was $30,000.00. That defendants

failed and refused to proceed with the erection of said hotel building for the reason that the said hotel building could not be built or constructed for $250,000.00, and for the reason that the plaintiff had not performed his contract to prepare plans and specifications for a hotel building to cost not to exceed $250,000.00. That at the time the bids for the construction of said hotel building were made and opened, defendants were not financially able to pay the cost thereof by limiting their borrowing to $125,000.00.

. . . . . . . . . . .

"That the said plans and specifications were not used by defendants or either of them for any purpose except to obtain the said bids, and that neither the said proposed building nor any part thereof has been constructed, nor is the same, or any part thereof, proposed to be or intended by the defendants to be constructed."

The first contention of appellant is that there is no substantial evidence to support the finding that the parties entered into an oral contract covering appellant's services. It is difficult to follow his reasoning since he alleged that the parties entered into an oral agreement; and the court found, upon substantial evidence, that such oral contract had been entered into by the parties. Under such circumstances we find no merit in the contention.

The second point urged by appellant is that there is no substantial evidence to support the finding that under the oral contract appellant undertook and agreed to prepare plans and specifications to be used in the erection of a five-story fireproof building, the cost of which would not exceed the sum of $250,000, or that his employment was subject to such minimum cost limitation. We have examined the record and find that respondent Henry T. Crow, his son, Harry Crow, and the son's wife, Jewell Crow, all testified they were present when the oral agreement was entered into, and their testimony supports the court's finding.

The third contention of appellant is that there is no substantial evidence to support the finding that respondents did not waive performance by appellant with respect to such $250,000 cost covenant or condition. We have read the record and find no evidence of any waiver of any of the terms of the agreement by respondents.

Passing the fourth contention and taking up appellant's fifth, he argues there is no substantial evidence that respondents received no benefit from appellant's services. After

examining the record we are unable to find any evidence showing that respondents received any benefit from any of appellant's services. They agreed to compensate him on condition that he prepare plans and specifications for the construction of the building at a cost not to exceed $250,000, and appellant agreed to prepare such plans and specifications. His failure to meet his obligation and the fact that the plans and specifications he prepared were not used in any construction is ample evidence that respondents received no benefit from his efforts.

In passing upon the foregoing contentions we are guided by the familiar rule that an appellate court will not interfere where, as here, there is substantial evidence to support the findings. (2 Cal.Jur. § 542, p. 918.) Furthermore, in *Martin* v. *McMahan,* 95 Cal.App. 75, 78 [271 P. 1114], this court held that where an agreement provides for a building not to cost more than a certain sum and the cost does exceed that sum, the architect is not entitled to compensation. Also see 6 Corpus Juris Secundum, section 14, page 310.

The fourth point raised by appellant is that since he alleged a second cause of action for the same services based on *quantum meruit* and the court found that his services in preparing the plans and specifications and in placing and receiving the bids were reasonably worth the sum sued for, he is entitled to recover on that count. But, the court further found that ''defendants received no benefit whatever from the services of the plaintiff''; that ''the said plans and specifications so prepared by the plaintiff and the services rendered by him have been without any value whatsoever to the defendants, or either of them''; and that ''neither of the defendants ever promised or agreed to pay the plaintiff any amount whatever for his services except upon the sole condition that . . . plaintiff should prepare.plans and specifications for a building which could under the conditions actually existing be constructed at a cost not exceeding the sum of $250,000.00.''

Recovery on *quantum meruit* is based upon benefit accepted or derived for which the law implies a contract to pay. Where no benefit is accepted or derived there is nothing from which such contract can be implied. (See *Miller* v. *San Francisco etc. Soc.,* 125 Cal.App. 85, 91 [13 P.2d 824] ; *Wescoatt* v. *Meeker,* 63 Cal.App.2d 618, 625 [147 P.2d 41] ; *Van Ryn* v. *Rock County,* 211 Wis. 678 [247 N.W. 848, 850] ; *Geddis* v. *Board of Commissioners,* 20 Ind.App. 274 [50 N.E.

581, 582]; *Ylijarvi* v. *Brockphaler*, 213 Minn. 385 [7 N.W.2d 314, 319]; *Bouterie* v. *Carre*, (La.App.) 6 So.2d 218, 220; *Granger* v. *Fontenot*, (La.App.) 3 So.2d 215, 216.)

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied October 1, 1949, and appellant's petition for a hearing by the Supreme Court was denied October 31, 1949.