[Civ. No. 15190.   First Dist., Div. Two.   Jan. 29, 1953.]

RONALD R. IRVINE, Respondent, v. ALBERT J. MAZURETTE et al., Appellants.

Marvin C. Hix for Appellants.

R. A. Ferrario and Albert K. Whitton for Respondent.

NOURSE, P. J.—The appeal is on a settled statement. The action is a common count for work, labor and services alleged to be worth $3,300. The court found for plaintiff but held that the value minus credits was $1,448.80. Defendants appeal.

Appellants' first contention, that the findings are contradictory, is clearly without merit. Finding 2 shows with sufficient clarity that plaintiff's services during the first 33 weeks at $50 a week were worth $1,650 and during the next 17 weeks at $80 were worth $1,360 (a total of $3,010) whereas credit is given for $57.20 withholding taxes paid and $1,504 stipulated to have been received by plaintiff (total $1,561.20) leaving the balance of $1,448.80.

Next it is contended that the judgment is void for uncertainty because it states only, "That plaintiff have and recover Judgment in the sum of One Thousand Four Hundred Forty Eight Dollars and Eighty Cents ($1,448.80)," without naming the defendants from whom this amount is to be recovered. Respondent concedes that such is a mistake, but urges that judgment (and findings) make it clear that the judgment is against the defendants in this action and that such defect is considered a clerical misprision which the lower court can at any time correct (*Leviston* v. *Swan,* 33 Cal. 480). But no correction is necessary under the circumstances of this case. Though a number of defendants were named in the complaint, and an answer was filed on behalf of some of them, the individuals Mazurette and Armstrong were alone referred to in the findings of fact and conclusions of law as having appeared at the trial, and the judgment went against "the defendants" without specification of any names. However, these two individuals alone filed a motion for a new trial and thereafter filed the notice of appeal herein, and they alone filed the request for a reporter's transcript. Thereafter a condensed statement in lieu of the reporter's transcript was pre-

pared and filed on behalf of the two individual defendants who thereafter had been noted as the only appellants. For these reasons there can be no uncertainty in the judgment and it would be an idle act to remand the case for a correction of the claimed error.

The main assignment of error is that the finding that $1,650 was due for work done during 33 weeks from August 16, 1948, to April 2, 1949, is not supported by the evidence. Appellants concede that they employed plaintiff as a materials clerk or cost accountant at $80 a week to work on prefabricated houses. They contend, however, that orders for said houses came in several months later than expected and that until he started on the regular work on April 2, 1949, he did only sporadic work as a laborer for them at their request for which work he was fully paid by grocery orders to the amount of $200 he received. In a *quantum meruit* action it is necessary to show what benefits defendant accepted to entitle plaintiff to recover (*Rowell* v. *Crow*, 93 Cal.App.2d 500, 503 [209 P.2d 149]). It is also contended that the evidence fails to show what work plaintiff did during said period, what benefits appellants received from it, and that it was worth more than the amount of $200 paid.

At the trial plaintiff testified in substance that on August 8, 1948, defendant Mazurette told him that defendants were ready for him to start work, that he reported for work on August 16, 1948, and from that date until April 2, 1949, put in 40 hours per week at defendants' place of business; that defendant Mazurette introduced him to defendant Armstrong stating that Armstrong was his partner. "That Mazurette and Armstrong were in and out of the place of business almost daily throughout said period and were aware of his presence, and directed him as to certain work they desired him to do throughout that period of time." That he set up a cost system for the construction of prefabricated houses, carried lumber and material, assisted in setting up machinery and in wiring the premises and machinery and later assisted Armstrong in the fabrication of a sample prefabricated house; still later he was directed by defendants to do preparatory work for the erection of prefabricated houses for Evans Brothers at Martinez. This evidence was corroborated by the witness Hoffman who during part of said period did for defendants the same kind of work as plaintiff, for $1.60 per hour, at which he averaged approximately $50 a week, and the witness Allen who saw plaintiff regularly at work on de-

fendants' premises during the whole period. Conflicting testimony of defendants need not be mentioned as it was rejected by the trial court.

Respondent urges that from this evidence an implied request can be derived. It would seem that it sufficiently supports the conclusion of the trial judge in that it shows that during that period at the implied request of defendants plaintiff was present full time at their place of business to assist as general laborer and that his availability as a general laborer to do all work asked of him is the benefit the defendants accepted. Though the evidence is somewhat meager as to the value of the work that the plaintiff performed, it is sufficient to support the findings and that ends the controversy so far as this appeal is concerned.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied February 28, 1953, and appellants' petition for a hearing by the Supreme Court was denied March 26, 1953.