[Civ. No. 399. Fourth Appellate District.—May 6, 1932.]

H. C. WHITTY et al., Plaintiffs and Appellants, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Respondent; THE CALLAHAN CONSTRUCTION COMPANY (a Corporation), Cross-Complainant and Appellant.

Strother P. Walton for Plaintiffs and Appellants.

George S. Dennison and Harris & Hayhurst for Cross-Complainant and Appellant.

Joe Crider, Jr., and George R. Larwill for Respondent.

MARKS, J.—The Callahan Construction Company was at all times material to this action a corporation engaged in the business of highway construction. About July 1, 1928, it obtained a contract from the state of California whereby it agreed to construct about eleven miles of the state highway in Placer and Nevada Counties. It posted a contractor's bond pursuant to the provisions of the 1925 Statutes of California (chap. 321, at p. 538), with Fidelity and Deposit Company of Maryland, a corporation, as surety thereon. On September 6, 1929, The Callahan Construction Company entered into a subcontract with the plaintiffs whereby they agreed to construct about one mile of the improvements described in the contract with the state, at a compensation based upon unit prices specified in the subcontract. By the terms of this instrument The Callahan Construction Company agreed to rent to plaintiffs, for use in performing their subcontract, a Northwestern power shovel at a rental of $500 for each calendar month. By the terms of both contracts it was provided that the improvement be completed ''before the close down of operations in 1929''. It was agreed by all parties that this phrase meant the prevention of work under the contract by the winter snows and storms. The work was not so completed and The Callahan Construction Company secured from the state of California an extension of the time within which to complete its work under the original contract.

The plaintiffs entered upon the performance of their subcontract using the power shovel rented to them by The Callahan Construction Company. This was returned to the company at its request before the close down of operations in 1929. The following spring The Callahan Construction Company refused to permit the plaintiffs to continue and

took over their bunkhouses, camps and other equipment and completed the undertaking.

The plaintiffs instituted this action to recover from the Fidelity and Deposit Company of Maryland under the terms of its bond, the reasonable value of the work they had performed, The Callahan Construction Company having refused to pay the amount demanded by them.

The Callahan Construction Company filed a cross-complaint against plaintiffs seeking to recover damages suffered by it from an alleged breach of the contract by the plaintiffs in not completing the work before the close down of operations in 1929.

The trial court found that the plaintiffs had not breached their contract and that The Callahan Construction Company should not have taken over its completion. It gave judgment for the plaintiffs and found the reasonable value of the work performed by them to be the exact amount they had been paid on account of such work by The Callahan Construction Company. Judgment was rendered against The Callahan Construction Company on its cross-complaint. The plaintiffs and the cross-complainant have taken separate appeals from the judgment, which appeals are here on a single record.

It is urged by the plaintiffs that the amount of the reasonable value of the services found by the trial court does not find support in the evidence and is contrary to the evidence. The Callahan Construction Company urges that the finding of the trial court that the plaintiffs did not breach their contract is not supported by the evidence.

The plaintiffs aptly argue that the trial court found all material facts in their favor and against the other parties to the action and rendered a judgment in their favor for the exact amount which they had been paid on account by The Callahan Construction Company, which was a number of thousand dollars less than they had actually expended on the work; that the effect of the judgment in their favor was naked and barren of any benefits to them and caused them a loss of several thousand dollars. They urge that as they were prevented from completing their contract by the unlawful action of The Callahan Construction Company, the trial court should have adopted as a measure of the reasonable value of their work, the actual

cost of that portion done by them plus a ten per cent profit upon this cost. As a matter of fact, the amount which the trial court found to be the reasonable value of the work performed was the exact sum specified in the contract to be paid for it.

It has been repeatedly held in this state that the contract price of work to be performed furnishes some evidence of its reasonable value. In the case of *Divani* v. *Donovan,* 214 Cal. 447 [6 Pac. (2d) 247], it was said: "The contention of the defendants apparently is that in the absence of any proof other than proof of the price paid, or the contract price, the plaintiff cannot recover. But the lack of merit in this contention is made apparent by a number of decisions in which it has been held that the contract price or the price paid is some evidence of value. (*Hines* v. *Brode,* 168 Cal. 507, 510 [143 Pac. 729].)" It necessarily follows that the findings of the trial court as to the reasonable value of the work done by the plaintiffs find support in the evidence and in the contract between the plaintiffs and the cross-complainants, the contract price being some evidence of value which the trial court could adopt as the measure of the reasonable value of the work done. ▆ We cannot disturb a finding and judgment based upon and supported by material and competent evidence in the record because of a conflict in the evidence even though it would appear to us that the preponderance of the evidence is contrary to the conclusion reached by the trial court. As the failure of the evidence to support this finding is the sole ground relied upon by the plaintiffs for a reversal of the judgment, it follows that the portion of the judgment of which they complain must be affirmed.

▆ The Callahan Construction Company strenuously urges that the finding of the trial court to the effect that the plaintiffs did not breach the contract is contrary to the evidence and is not supported by the evidence and asks that the judgment against it on the cross-complaint be reversed and a new trial ordered thereon.

The trial court concluded that the failure of the plaintiffs to complete their contract "before the close down of operations in 1929" was not due to any failure of their own, but to the defective power shovel furnished them by The Callahan Con-

struction Company and that their failure to complete their contract within the time specified was, therefore, excused. It appears from a great preponderance of the evidence that this steam shovel was not in a fit condition for the purpose for which The Callahan Construction Company rented it to the plaintiffs, and that the plaintiffs lost much time through the shovel failing to do the work which they could have expected it to perform had it been in a reasonably good condition when it was delivered to them.

Section 1955 of the Civil Code provides as follows: "One who lets personal property must deliver it to the hirer, secure his quiet enjoyment thereof against all lawful claimants, put it into a condition fit for the purpose for which he lets it, and repair all deteriorations thereof not occasioned by the fault of the hirer and not the natural result of its use." In the case of *Blair* v. *Brownstone Oil etc. Co.*, 17 Cal. App. 471 [120 Pac. 41, 42], it was said: "By implication, at least, the court finds that this cable was a proper and necessary tool to be used in doing the work called for by the contract. Had it been supplied, plaintiff could have performed the contract. Thus construed, it appears that plaintiff was prevented from performing his contract by reason of defendant's default in furnishing proper and necessary tools."

We have concluded that the finding of the trial court to the effect that the plaintiffs did not breach their contract and that their failure to complete it within the time specified was due to the defective power shovel rented them by The Callahan Construction Company is amply supported by the evidence, and that their failure to so complete their work was excused by the acts of The Callahan Construction Company. It therefore follows that the portion of the judgment appealed from by the cross-complainant must be affirmed.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1932.