[Civ. No. 11335.  First Appellate District, Division Two.—March 7, 1940.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation) et al., Respondents, v. MARION L. PAINTER et al., Appellants.

Ray H. Kinnison and Bettin, Painter & Wait for Appellants.

John L. Mace and Arch R. Tuthill for Respondents.

NOURSE, P. J.—Defendants appeal upon a bill of exceptions from a judgment favoring plaintiffs in an action to recover a deficiency after sale under a deed of trust.

On April 12, 1935, plaintiffs sued to recover the balance due upon the joint note of defendants executed on February 6, 1929, for $8,350. The balance alleged to be due after deducting payments and adding interest, advances made under the deed of trust, and trustee's fees and expenses, was $2,044.06. After a fair and full trial of the issues judgment was entered for plaintiffs in that amount.

Two questions are raised by appellants—the sufficiency of the evidence to support the judgment, and the applicability of section 580a of the Code of Civil Procedure.

It is argued that there was no evidence that the sum allowed for trustee's fees and expenses was reasonable. No witness gave direct testimony that, in his opinion, such charges were reasonable. It is in the evidence that the respondents paid the fee claimed to the trustees and that the costs and expenses of posting and publishing notice of sale were also paid. The deed of trust provided that the proceeds of the sale should be applied to "first, the costs, expenses, fees and other charges of such sale, including a reasonable compensation to the trustee, and counsel fees in an amount equal to five (5) per cent of the amount secured hereby". The sum awarded was within this limitation. It is settled law that evidence of the contract of the parties to pay a certain sum, in the absence of any showing to the contrary, is itself some evidence that the sum is reasonable. This evidence, taken with the inferences which the trial court might draw from the facts proved, is sufficient to support the award.

It is argued that the judgment is not supported by evidence of notice of the default, time and place of sale, due conduct of the sale, and similar procedural matters. As to failure to prove the amount due on the note, the accepted

rule is that: "When the plaintiff has proved the existence of the debt sued on within the period of the statute of limitations, the burden of proving payment is on the defendant. . . . " (20 Cal. Jur., pp. 952, 953.) As to the matters of procedure relating to the sale the rule is that where, as here, the deed of trust provides that the recitals in the trustee's deed are conclusive proof of those matters, the plaintiff is not required to make further proof thereof. (*Pacific States S. & L. Co.* v. *O'Neill,* 7 Cal. (2d) 596, 599 [61 Pac. (2d) 1160]).

Appellants' complaint that there was no evidence of the fair market value of the property at the time of the sale is answered by the statement in their own brief reading: "The uncontradicted evidence of appellant, D. Howard Painter, . . . was that the value of the property here involved was, at the date of the sale, $8,500.00."

Finally appellants argue that section 580a of the Code of Civil Procedure should be applied here, notwithstanding the deed of trust was executed in the year 1929. The decisions uniformly hold that this section was not intended to be retroactive and that it has no application to a deed of trust executed prior to its effective date. (*Birkhofer* v. *Krumm,* 27 Cal. App. (2d) 513, 532 [81 Pac. (2d) 609]; *Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712]; *Bank of America* v. *Burg Bros.,* 31 Cal. App. (2d) 352 [88 Pac. (2d) 196].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 6, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1940.