[Civ. No. 15305. First Dist., Div. One. Dec. 29, 1952.]

PAUL SWAFFORD, Respondent, v. GEORGE GOODMAN, Appellant.

---

[25]Code Civ. Proc., § 1222; *John Breuner Co. v. Bryant*, 36 Cal.2d 877, 878 [229 P.2d 356].

Arthur Harris for Appellant.

Cornish & Cornish, Francis T. Cornish and Howard W. Wayne for Respondent.

BRAY, J.—Defendant appeals from a judgment awarding plaintiff $1,200 plus interest as the reasonable value of services in preparing building plans and specifications. Defendant attempts to appeal from the order denying a new trial.

QUESTIONS PRESENTED

1. Sufficiency of the evidence, particularly whether plaintiff's testimony is inherently improbable, thereby taking the appeal out of the conflict of evidence rule. 2. Interest.

## FACTS

The testimony of the parties is directly contradictory. Defendant owned a lot in Emeryville. He had contacted one Kenealy and had offered to build a building on the lot and rent it to the latter. Kenealy drew a rough sketch of the proposed building. Plaintiff is a civil engineer, and member of the Structural Engineers' Society of Northern California, although not entitled to call himself a structural engineer. Defendant and Kenealy went to plaintiff's house, gave plaintiff the sketch and discussed in some detail the proposed building, its trusses, sawtooth skylights and a penthouse office. Plaintiff testified that defendant asked him to design a building along the lines discussed and prepare plans and specifications for a building which could be built as reasonably as possible; that a price of $20,000 was not mentioned. Plaintiff and defendant were then to meet and defendant would show plaintiff certain buildings of the type he desired. Within the week they met. Defendant showed plaintiff the lot on which the building was to be constructed and the buildings he had in mind. Defendant again told plaintiff to go ahead with the plans. Plaintiff started work on the plans the day after the first meeting, working a total of 74 days on them. During this time plaintiff claims he talked to defendant a half dozen times about the plans he was drawing. In March defendant informed him that because of health restrictions, Kenealy could not rent the proposed building, but instructed plaintiff to finish the plans anyhow. At defendant's request plaintiff the day after the first discussion with defendant contacted one Drinkward with whom defendant had previously discussed construction. Plaintiff testified he delivered one copy of the plans and specifications to defendant in April and that defendant at no time until shortly before suit ever objected to them.

Defendant testified that in the first conversation plaintiff was merely instructed to prepare a preliminary plan, and that at no time did he ever instruct plaintiff to prepare detailed plans and specifications. He claimed that plaintiff agreed to prepare a pencil sketch to give to Kenealy in a few days to base the cost of the building so that defendant and Kenealy could arrive at a rental basis. He also told plaintiff that he wanted to construct a building for approximately $20,000. Defendant claimed that at no time did he go with plaintiff to look at buildings, nor did plain-

tiff communicate with him; that when two or three weeks had passed and he had not heard from plaintiff, defendant called him and told him that because of plaintiff's delay Kenealy had abandoned his plan. On March 27 defendant says he phoned plaintiff and advised him to "abandon everything" as he had lost a tenant for defendant. Within a day or two he wrote out a letter to plaintiff and had it typed by Mrs. Hall, notary public and public stenographer, and defendant sent it to plaintiff. The gist of this letter was that all defendant had asked for were "those truss plans and that tentative plan or preliminary drawing you promised Mr. Drinkward" and that as Kenealy could not wait "just forget about the matter." Plaintiff denied ever receiving the letter. Mrs. Hall was not called as a witness, although the record indicates that defendant intended to call her. Plaintiff testified that he requested defendant several times to supply him with a survey map of the property but defendant refused to supply one. Defendant denied receiving a copy of the plans and specifications.

Drinkward testified that in plaintiff's talk with him plaintiff mentioned a cost of around $20,000 and that they talked about preliminary plans and plaintiff said he would get out a set and they would go over it. Plaintiff denied saying that he would give Drinkward a set of preliminary plans but testified that he did say he might submit a plan to him at defendant's request. Plaintiff had no recollection of mentioning the $20,000 figure. Kenealy testified that in the conversation with plaintiff, defendant and himself, he gave plaintiff the rough sketch he had drawn. Nothing was said in front of him about the proposed cost of the building. He testified further that there was no relation between rental and construction cost. He did say "We were just going to come up with a rough sketch so we could get some idea of the rental. The conversation was mostly between them [plaintiff and defendant.]" He advised defendant within about a month of this meeting that he could not go ahead because of board of health restrictions on the property.

The court resolved the conflict in favor of plaintiff and found that defendant had ordered the plans and specifications and agreed to pay the reasonable value of plaintiff's services in preparing them; that plaintiff delivered them to defendant, and that $1,200 was the reasonable value of the services rendered.

ALLEGED IMPROBABILITY

■ Defendant recognizes the conflict of evidence rule but contends that plaintiff's testimony is inherently improbable in five respects: 1. Plaintiff's testimony is contradicted by defendant and two witnesses. This fact, however, does not make plaintiff's testimony inherently improbable. The trial court heard and saw the witnesses and believed plaintiff. That this is the right of the trial court and that we are bound by its action is so well established as not to require the citation of authorities. ■ 2. On cross-examination defendant examined plaintiff concerning the schedule of minimum fees of the Structural Engineers Association, on which plaintiff had based his testimony as to the reasonable value of his services. He was asked: "But your Association lists as the first service the preparation of preliminary drawings, is that correct? A. That is common procedure." It is contended that construing the agreement between the parties as not to require preliminary plans is unreasonable and contrary to usage and custom (based on plaintiff's testimony that it is common procedure). Plaintiff testified that preliminary plans were not always made; that here, as the lot was level and defendant and Kenealy were in a hurry, it was not necessary, expedient or in accordance with defendant's request to make preliminary drawings. He testified that discussion of details of the building with defendant and the pointing out by defendant of the particular type of building he wanted reproduced made preliminary plans unnecessary. The trial court saw nothing improbable in this testimony, nor do we. Nor can we find that the court's construction of the contract is unreasonable or contrary to custom. Nor can we say that the failure to get estimates of the cost of the building before drawing the plans and specifications is a circumstance that makes inherently improbable plaintiff's version of the agreement. ■ 3. The court found that defendant agreed to pay the reasonable value of the services. It is true there was no express agreement to pay. Plaintiff testified to that effect, and that the first discussion of pay was when he delivered the plans and defendant asked him what he was going to charge for them. Defendant denied this. Where a person orders services to be rendered the law raises an implied agreement to pay their reasonable value. (See 5 Cal.Jur.2d § 4, p. 528; *Fancher* v. *Brunger*, 94 Cal.App.2d 727 [211 P.2d 633].) The court properly found such an agreement here. ■ 4. De-

fendant testified that he had limited the cost of the building to approximately $20,000 and that as the estimated cost of the building planned by plaintiff was around $40,000, defendant cannot be required to pay for the plans, citing *Martin* v. *McMahan*, 95 Cal.App. 75 [271 P. 1114]. Plaintiff denied that there was any such limitation. The court apparently believed plaintiff. Therefore, the rule set forth in that case does not apply. ■ 5. The court found that plaintiff delivered the plans and specifications to defendant on April 25, 1946, and that plaintiff on that date demanded his fees. Defendant denied both. The evidence supports the finding of delivery but there is no evidence of demand for fees on that date. Plaintiff did not make such demand until January, 1947, when he sent defendant the first bill which, incidentally, defendant ignored. This error as to date of demand is not fatal to the allowance of the principal of the judgment, and hence may be disregarded.

## INTEREST

It does affect the question of interest. However, there is a more serious question involved than the date of demand. ■ A claim upon a *quantum meruit* for the reasonable value of services or materials is unliquidated until the time of judgment and therefore does not bear interest prior to judgment. (*Farrington* v. *A. Teichert & Son, Inc.*, 59 Cal.App. 2d 468 [139 P.2d 80]; *Crocker* v. *Crocker First Nat. Bank*, 60 Cal.App.2d 725 [141 P.2d 482].)

Cases like *Gardner* v. *Watson*, 170 Cal. 570 [150 P. 994], *Lacy Mfg. Co.* v. *Gold Crown Mining Co.*, 52 Cal.App.2d 568 [126 P.2d 644], and others cited by plaintiff, are not applicable here. They were cases involving actions on accounts stated, actions on liquidated claims or on claims where the amounts were ascertainable. None were actions which required a court to determine the reasonable value of the items for which suit was brought.

The appeal from the order denying the new trial is dismissed. The portion of the judgment allowing interest prior to judgment is reversed. The judgment otherwise is affirmed. Each party will bear his own costs.

Peters, P. J., and Wood (Fred B.) J., concurred.