[Civ. No. 21585. Second Dist., Div. Two. June 19, 1956.]

LEON FERRIER et al., Appellants, v. COMMERCIAL STEEL CORPORATION (a Corporation) et al., Respondents.

Clifton A. Hix and Elizabeth Hix for Appellants.

George I. Devor for Respondents.

FOX, J.—Plaintiffs sought to recover the reasonable value for work performed for defendants in laundering, ironing,

and removing ink imprints from some 210,000 cotton bags that had been damaged in a flood (see *Simon* v. *Bemis Bros. Bag Co.*, 131 Cal.App.2d 378 [280 P.2d 528]). They alleged the reasonable value of the work and labor performed was $7,500, of which only $1,000 had been paid.

In their answer defendants alleged that the processing of these bags was pursuant to a written contract in which plaintiffs agreed to do the work in question for .029 cents per pound; that the weight of these bags was 47,550 pounds; that the total charge therefor was $1,378.95 and that they had paid $1,000 on said account leaving a balance due of $378.95.

The trial court found there was a written contract between the parties for the processing of these bags which included "washing, extracting, drying and bundling" for two and nine tenths cents per pound, and that while plaintiffs were performing this contract "defendants requested plaintiffs to remove ink from any of the sacks having ink-imprints thereon and to iron said sacks" and that defendants agreed to pay plaintiffs the reasonable value for such additional work, which the court found to be $137.90. The court thereupon rendered judgment for plaintiffs for $516.85, being the balance of $378.95 due under the contract plus $137.90 representing the reasonable value of the extra work. Plaintiffs appeal from this judgment.

Eight certificates, issued by a public weighmaster, were received in evidence to show the weight of the bags. They aggregate 47,550 pounds.

Mr. Kirshbaum, who had been in the industrial laundry business for 12 years and operated laundries in Los Angeles, Fresno, San Jose, South San Francisco, and Vallejo, California, and who bid on this particular laundering job, testified that the prevailing rate in Los Angeles at that time "for washing, extracting, drying and bundling sacks of the character of those involved in this action" was "between 3 and 4 or 4½ cents" per pound for that volume. He also testified that an additional 3 per cent should be added for removing ink imprints from the sacks and 7 per cent for ironing or pressing them.

In seeking a reversal plaintiffs argue that the evidence is insufficient to prove that (1) the total weight of the bags was 47,550 pounds, and that (2) the reasonable value of removing the ink prints and ironing the bags was $137.90. Neither position is well founded.

As to the total weight of the bags, that was established by the weight certificates issued by a public weighmaster. These certificates were received in evidence without objection on the part of the plaintiffs, who did not question their correctness. They were sufficient to support the court's finding on that question.

We come now to the sufficiency of the evidence to sustain the finding that $137.90 was a reasonable amount to allow for removing ink prints and ironing. Preliminarily it should be recalled that the court found there was a written contract to launder these bags at .029 cents per pound but this did not include removing ink prints and ironing. The amount, therefore, for the laundering job which was covered by the written contract was $1,378.95. Mr. Kirshbaum testified an additional 3 per cent should be added for removing ink prints and another 7 per cent for ironing or pressing. This means that an additional 10 per cent of the contract price should be added to cover the two additional items. Ten per cent of the amount called for under the contract is $137.895. The manner in which the court arrived at the figure for the extra work is thus apparent. The testimony of Mr. Kirshbaum furnishes ample basis for the court's finding. Plaintiffs seek to discredit his testimony but that was for the trial court to appraise in the light of his years of experience and the broad scope of his operations in that industry.

But, argue plaintiffs, the amount allowed for the extra work is not reasonable because plaintiffs' bid was too low. Hence adding 10 per cent to the contract price fails to produce a reasonable figure for ironing and removing ink imprints. The difficulty with this argument is that the initial premise that the contract price for the laundering job was too low is not established. The testimony of Mr. Kirshbaum indicates that the contract price for this laundering as reflected by plaintiffs' bid was not substantially out of line with prevailing rates in Los Angeles County at that time. Kirshbaum testified that the "going rate for that kind of work" was "between 3 and 4 or 4½ cents" per pound for that volume. Thus plaintiffs' bid was only one mill per pound below Kirshbaum's minimum figure. As related to the quantity of laundry here involved, one mill per pound would amount only to $47.55. It is thus apparent that it is not established that the contract price was too low. This being so it could properly be used as a base for figuring the reason-

able value for ironing and removing ink imprints on those cotton sacks.

It is well settled that the price agreed upon by the parties for work to be done may be used as a criterion in ascertaining the reasonable value of services performed. The point is illustrated by *Whitty* v. *Fidelity & Deposit Co.,* 123 Cal.App. 334 [11 P.2d 84]. In that case plaintiffs had sued to recover "the reasonable value of the work they had performed." The amount which the trial court found to be the reasonable value of the work performed was the exact sum specified in the contract to be paid for it. The only point urged on appeal was that the amount of the reasonable value of the services found by the trial court was not supported by the evidence. In affirming the judgment the court pointed out (p. 337): "it has been repeatedly held in this state that the contract price of work to be performed furnishes some evidence of its reasonable value. In the case of *Divani* v. *Donovan,* 214 Cal. 447, 455 [6 P.2d 247], it was said: 'The contention of the defendants apparently is that in the absence of any proof other than proof of the price paid, or the contract price, the plaintiff cannot recover. But the lack of merit in this contention is made apparent by a number of decisions in which it has been held that the contract price or the price paid is some evidence of value. [Citation.]' It necessarily follows that the findings of the trial court as to the reasonable value of the work done by the plaintiffs find support in the evidence and in the contract between plaintiffs and the cross-complainants, the contract price being some evidence of value which the trial court could adopt as the measure of the reasonable value of the work done." In *Wilson* v. *Mattei,* 84 Cal.App. 567 [258 P. 453], it is held that in an action on a common count for the value of materials furnished and labor performed the contract between the parties was competent evidence "as an admission of the standard of value." In 27 California Jurisprudence, 232, section 40, the rule is stated thus: "Evidence of a special contract to pay a sum certain for services is admissible under a common count for work and labor as tending to show the value of the services . . ." (*Kimes* v. *Davidson Inv. Co.,* 101 Cal.App. 382, 386 [281 P. 639] ; *Pacific States S. & L. Co.* v. *Painter,* 37 Cal.App.2d 645, 646 [99 P.2d 1103].) There is therefore ample basis to support the trial court's method of computation and sufficient evidence to sustain its finding of the reasonable value of plaintiffs' services.

The basic difficulty with plaintiffs' position is that they would have this court reevaluate the evidence and draw inferences contrary to those drawn by the trial court. We, of course, are not at liberty to do this.

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.