[Civ. No. 24196.   Second Dist., Div. Two.   May 4, 1960.]

LLEWELLYN A. PARKER et al., Respondents, v. MAIER BREWING COMPANY (a Corporation), Appellant.

G. Vernon Brumbaugh for Appellant.

Dryer, Hails, Burris & Lagerlof and H. Jess Senecal for Respondents.

RICHARDS, J. pro tem.*—Defendant Maier Brewing Company appeals from a judgment for $4,128.81, with interest, in favor of the plaintiffs, Parker and Parker, for architectural and engineering services rendered to and expenses incurred on behalf of the defendant.

The defendant urges as grounds for reversal: (1) that the findings are contrary to and unsupported by the evidence; and (2) the trial court erred in allowing interest prior to judgment.

---

*Assigned by Chairman of Judicial Council.

The trial court found that on or about April 16, 1956, the defendant employed the plaintiffs to perform architectural and engineering services in connection with the construction of a warehouse addition and alterations to the defendant's bottling house; that on or about August 1, 1956, the plaintiffs and defendant executed a contract, whereby the defendant agreed to pay the plaintiffs a fee equivalent to 6 per cent of the construction cost of all work called for by the plans and specifications prepared by the plaintiffs and to reimburse the plaintiffs for expenses incurred in connection therewith; that plaintiffs did not give any estimate of the total cost and that the defendant requested no such estimate, and that the plaintiffs did not represent that the building to be built would cost not more than $1.90 per square foot or any other amount. The court further found that between April 16, 1956 and October 1, 1956, the plaintiffs performed various services including the preparations of working plans and detailed specifications for bids, and that defendant received and approved the plans; that the lowest bid thereon was $65,980 and that the defendant did not construct the building under the plans and specifications prepared by the plaintiffs. The court further found that the plaintiffs incurred expenses in the amount of $170.01, and that the total reasonable value of the services performed by the plaintiffs for the defendant and the costs incurred by the plaintiffs was $4,128.81, no part of which had been paid.

The defendant urges insufficiency of evidence in three particulars. First, that the court found that the plaintiffs were to perform services in connection with the defendant's existing bottling plant, whereas the evidence discloses that such services were to be performed in connection with a warehouse addition. Had not the defendant misquoted Finding III in their brief, counsel probably would not have wasted their time on this point, as the finding reads: ". . . in connection with the *construction of a warehouse addition* and in connection with alterations to said defendant's existing bottling house.'' (Emphasis added.) The record is clear that the proposed warehouse was to be adjacent to the bottling house and that the construction of the warehouse would necessitate some alterations in the bottling house. Defendant concedes that ''the evidence discloses that the defendant employed the plaintiffs to perform engineering and architectural services in connection with a warehouse addition.''

The second particular of insufficiency urged by defendant

is that whereas the court found that the plaintiffs and defendant executed a contract on August 1, 1956, whereby the defendant agreed to pay the plaintiffs for their services, the evidence discloses that the fee was agreed upon on May 31, 1956. The evidence discloses that plaintiffs' fees were orally agreed upon on May 31, 1956, and that this oral agreement was reduced to writing and signed by the defendant on August 1, 1956. Neither the statute of frauds nor the statute of limitations being involved in this case, the point is trivial. Were it error, which it is not, we would be disposed under the authority of Code of Civil Procedure, section 956a, to amend the finding.

The defendant's final challenge is to the sufficiency of the evidence to support the finding that the plaintiffs did not give an estimate of the total cost of construction and did not represent to the defendant nor did the defendant require that the plaintiffs were to plan a building costing not more than $1.90 per square foot.

The evidence discloses, and the plaintiffs concede, that costs were discussed but such discussions related to the unit costs of various types of construction and not to the total costs. The plaintiffs submitted an estimate on May 31, 1956, of the cost of constructing a ''building shell'' without any guarantee that it would be the total cost and to the contrary, told the defendant that plaintiffs could not guarantee any estimates. To this ''building shell'' cost various items were added by the defendant which increased the over-all cost. Plaintiff Leland Parker testified that no estimate of the total cost of construction was ever given to the defendant. Plaintiffs further offered evidence that no request for estimate of total cost was ever made by defendant. They further testified that they did not represent to the defendant that the total construction cost would not exceed $1.90 per square foot. In further support of the court's finding, the written agreement of employment signed by the defendant specifically states: ''Parker and Parker . . . does not guarantee . . . any estimates of construction cost.''

Defendant's reliance on *Rowell v. Crow,* 93 Cal.App.2d 500 [209 P.2d 149] on this point is ill-founded as it appears in that case the owner agreed to compensate the architect on condition that he prepare plans and specifications for the construction of a building at a cost not to exceed $250,000. In the instant case, the written contract expressly negatives any such condition.

No other findings are contended as lacking in evidentiary

support. The conflicts in evidence as to the portion of the findings attacked were resolved by the trial court in favor of the plaintiffs and there is substantial testimonial evidence to support the court's determination.

Defendant's only other contention concerns the trial court's award of interest from October 1, 1956, on the total amount found due. The right to recover non-contractual interest before judgment as an element of damage is statutory and covered by Civil Code, section 3287,* which provides that entitlement to interest is dependent upon (1) certainty or calculable certainty of damages, and (2) accrual of such damages on a day certain. ▐▐▌ Whether the action involves contract price or reasonable value, when the damages are not certain nor subject to calculation and the amount of the damages cannot be resolved except by accord or judgment, interest prior to judgment is not allowable. (*Lineman* v. *Schmid,* 32 Cal.2d 204, 212 [195 P.2d 408].) See also *Burns* v. *Renaker Co.,* 119 Cal.App. 578, 580 [6 P.2d 967].

▐▌ It is well established that where there is no express contract and the action is in *quantum meruit* to recover the reasonable value of services rendered, interest is not recoverable prior to judgment. (*Swafford* v. *Goodman,* 115 Cal.App. 2d 105, 110 [251 P.2d 680] ; *Crocker* v. *Crocker First Nat. Bank,* 60 Cal.App.2d 725, 731 [141 P.2d 482].) ▐▌ Also, that in an action in *quantum meruit* where there is an express contract but where the value of the services can only be established by evidence and is not susceptible of computation from the face of the contract or by reference to established market values, interest is not recoverable prior to judgment. (*Cox* v. *McLaughlin,* 76 Cal. 60, 71-72 [18 P. 100, 9 Am.St.Rep. 164] ; *Macomber* v. *Bigelow,* 123 Cal. 532, 535 [56 P. 449].)

▐▌ Even if there is an express contract for the performance of services and the action is for a breach thereof, if, because of defendant's prevention of performance, the amount due cannot be computed by the contract terms, thereby rendering the damages uncertain and incapable of being made certain by calculation at the time the cause of action accrues, interest is not recoverable thereon as an element of damage prior to

*Civ. Code, § 3287 (prior to 1959 amendment): ''Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.''

judgment. (*Kingsbury* v. *Arcadia Unified School Dist.*, 43 Cal.2d 33, 43-44 [271 P.2d 40].)

In the instant case defendant agreed to pay a fee equivalent to 6 per cent of the construction cost of all work called for by the plaintiffs' plans and specifications. The construction cost was never determined because the defendant refused to proceed under the plaintiffs' plans. Hence there was no basis under the terms of the contract to calculate the plaintiffs' fee when the right to damages accrued. An unaccepted bid patently is not the actual cost of construction which may be either lower or higher, depending upon additions or deletions during construction.

To establish the reasonable value of their services the plaintiffs testified, without contradiction, that their direct labor costs were $1,988 and that the reasonable value of their services would be two and one-half times their direct labor cost. Computed according to such evidence, the reasonable value of plaintiffs' services would amount to $4,970. Applying the 6 per cent fee provided in the agreement between the parties to the low bid of $65,980 gives the sum of $3,958.80, which, together with the sum of $170.01, for expense items, makes a total of $4,128.81, the exact amount of the judgment. The fact, however, that the court awarded as the reasonable value of the plaintiffs' services an amount exactly equivalent to 6 per cent of the unaccepted low bid is not determinative of the plaintiffs' right to interest before judgment. It is settled that in an action for the reasonable value of work and labor, a written contract providing for an agreed price is admissible in evidence and may be used as a criterion in establishing the reasonable value of the services rendered. (*Ferrier* v. *Commercial Steel Corp.*, 142 Cal.App.2d 424, 427 [298 P.2d 555]; *Whitty* v. *Fidelity & Deposit Co.*, 123 Cal. App. 334, 337 [11 P.2d 84].) The contract in such an instance serves only as an aid to the court in fixing the amount of recoverable damages which was an unresolved issue prior to judgment.

We conclude that the amount to which plaintiffs were entitled for their work and labor was not "certain, or capable of being made certain by calculation" (Civ. Code, § 3287) at the time the plaintiffs' right accrued to recover the reasonable value of their work and services, hence the plaintiffs were not entitled to interest on so much of the award as pertains thereto. Plaintiffs are, however, obviously entitled

to interest on the sum of $170.01 for the expense items above referred to.

The appeal from the order denying defendant's motion for a new trial is dismissed. Such order is nonappealable. (Code Civ. Proc., § 963.)

It is ordered, under the authority of Code of Civil Procedure, section 956a, that Conclusion IV be amended by adding after the words "legal interest" the words "on the sum of $170.01," and that the judgment be modified by adding to paragraph (1) after the words "with interest" the words "on the sum of $170.01."

As so modified, the judgment is affirmed, the combined taxable costs on appeal of the appellant and of the respondents shall be apportioned in such manner that appellant shall bear 80 per cent of such combined costs and respondents 20 per cent thereof.

Fox, P. J., and Ashburn, J., concurred.