**Gregg M. LuMETTA,**
**Plaintiff-Counter-Defendant-Appellee,**

v.

**UNITED STATES ROBOTICS, INC.,**
**Defendant-Counter-Claimant-Appellant.**

No. 86–5820.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1987.

Decided Aug. 11, 1987.

David A. Weinfeld, Costa Mesa, Cal., for plaintiff-counter-defendant-appellee.

Leland W. Hutchinson, Jr., Chicago, Ill., for defendant-counter-claimant-appellant.

Before SCHROEDER, PREGERSON and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

United States Robotics, Inc. ("Robotics") appeals the district court's judgment awarding $226,875 in damages to Gregg M. LuMetta ("LuMetta") following a jury trial. Robotics contends that the jury verdict is not supported by sufficient evidence, that the district court abused its discretion in excluding expert testimony, and that the verdict must be reversed because LuMetta was not terminated in bad faith. We disagree with Robotics and affirm the district court.

## FACTS

LuMetta is an intermediary between computer manufacturers and customers; he sells and services computer products. Robotics is a small manufacturer of computer modems, devices that allow long distance transmission of computer signals over telephone lines.

In the course of their dealings together, Robotics and LuMetta entered into two separate contracts. First, in 1982 LuMetta became a nonexclusive reseller of Robotics' products. Later in 1982 the parties entered into a second, oral contract whereby LuMetta was to find computer manufacturers and to interest them in purchasing Robotics' modems. At trial, all parties agreed that a contract existed; the dispute centers on whether LuMetta was to be paid a 5% commission or a variable commission.

LuMetta produced advertising brochures using the Robotics trademark and referring to his company as the supplier. An Apple division manager saw a brochure, attempted unsuccessfully to contact Robotics, then contacted LuMetta. Subsequently, Apple representatives met with LuMetta and discussed the possibility of Robotics supplying Apple with modems. Soon after, LuMetta sold Apple a test modem after Robotics refused to supply a free one. Following these contacts between Apple and LuMetta, Robotics terminated both of its contracts with LuMetta, alleging LuMetta had breached the first contract. Subsequently, Apple purchased $14.5 million worth of modems directly from Robotics.

LuMetta filed this action on May 16, 1984, alleging, among other theories of recovery, breach of implied contract. The case was tried before a jury which reached a verdict in LuMetta's favor. Robotics filed motions for judgment notwithstanding the verdict and new trial; the district court denied these motions on March 10, 1986. Robotics timely appeals. Fed.R.App.P. 4(a)(1).

## JURISDICTION

The district court had jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STANDARD OF REVIEW

We uphold a jury verdict challenged for insufficiency of the evidence if it is supported by substantial evidence. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1013–14 (9th Cir.1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). Substantial evidence is such relevant evidence as reasonable minds might accept as being adequate to support the conclusion reached. *Id.* at 1014. We will not disturb a damage award unless it is clearly unsupported by the evidence. *Chalmers v. City of Los Angeles*, 762 F.2d 753, 760 (9th Cir.1985). We review the district court's decision to exclude evidence only for abuse of discretion. *Taylor v. Burlington N. R.R. Co.*, 787 F.2d 1309, 1315 (9th Cir.1986).

## DISCUSSION

### A. Sufficiency of the Evidence.

1. *Reasonable Value of LuMetta's Services*

Robotics contends that the damage award cannot be supported because LuMetta failed to introduce evidence of the reasonable value of his procurement of Robotics' sale of modems to Apple.[1] California law allows evidence of the value of a benefit conferred to prove reasonable value. *See, e.g., Ferrier v. Commercial Steel Corp.*, 142 Cal.App.2d 424, 426–27, 298 P.2d 555, 556–57 (1956). California law also allows evidence of agreed upon terms of an unenforceable contract as evidence of reasonable value providing the agreed price either assigns a dollar value to the promised performance or provides an agreed-upon formula by which an ultimate sum is readily ascertainable. *George v. Double D Foods, Inc.*, 155 Cal.App.3d 36, 42, 201 Cal.Rptr. 870, 875 (1984).

■ In determining that LuMetta's services were worth 1.56% of the sales made, the jury apparently considered the conflicting testimony of discussions between LuMetta and Robotics concerning commission rates, the commission rates previously paid to LuMetta under the reseller's agreement, and the evidence that established the value of the contract to Robotics. While this evidence could not establish an exact monetary value to the agreement, it substantially supports the jury's finding of a formula by which such value could be ascertained. *See George*, 155 Cal.App.3d at 43–44, 201 Cal.Rptr. at 876; *Transgo*, 768 F.2d at 1013–14. Further, the jury's consideration of the benefit conferred upon Robotics was proper, *see, e.g., Ferrier*, 142 Cal.App.2d at 426–27, 298 P.2d at 556–67, and factually distinguishable from *Lesny Development Co. v. Kendall*, 164 Cal.App.3d 1010, 210 Cal.Rptr. 890 (1985), on which Robotics relies. This evidence, although offered to support plaintiff's unsuccessful express contract theory, was properly considered by the jury as evidence of reasonable value with regard to the implied contract basis of recovery. *See Foreman & Clark Corp. v. Fallon*, 3 Cal.3d 875, 887, 479 P.2d at 362, 370–71, 92 Cal.Rptr. 162, 170 (1971); *cf. George*, 155 Cal.App.3d at 42, 201 Cal.Rptr. at 875. Therefore, the damage award is supported by substantial evidence.

2. *Procurement*

■ Robotics also contends that there is insufficient evidence to support a finding that LuMetta procured the Apple sale. However, in arguing that LuMetta hindered more than helped Robotics' sale to Apple, Robotics is essentially contending that the jury erred in weighing the evidence. We do not reweigh the evidence presented so long as substantial evidence supports the verdict. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985). LuMetta and Parks, Apple's division manager, testified that the initial contact between Apple and Robotics was made through Lumetta, that when Robotics refused to supply a free test modem, LuMetta sold Apple a modem and subsequently serviced it. This testimony constitutes sub-

---

1. Under California law, implied contract damages are measured by the reasonable value of services rendered. 1 Witkin, Summary of California Law, Contract § 54 at 64 (8th ed. 1973); *see also Cook v. Thomson*, 230 Cal.App.2d 866, 868, 41 Cal.Rptr. 323, 324 (1964).

stantial evidence supporting the conclusion that LuMetta procured the Apple contract.

## B. Exclusion of Expert Testimony.

■ Robotics asserts that the trial court abused its discretion in excluding proffered expert testimony as to reasonable finder's fees. Federal Rule of Evidence 702 provides for the admission of expert testimony where it would assist the trier of fact to understand the evidence or to determine a fact in issue and the witness is qualified by knowledge, skill, experience, training or education. The trial court has broad discretion in admitting and excluding expert testimony, and "the court's action will be sustained unless it is manifestly erroneous." *Taylor,* 787 F.2d at 1315. Although custom and usage are relevant to contract interpretation, where foundational facts demonstrating relevancy or qualification are not sufficiently established, exclusion of proffered expert testimony is justified. *See A.J. Cunningham Packing Corp. v. Florence Beef Co.,* 785 F.2d 348, 351 (1st Cir.1986).

■ The district court found Robotics' three witnesses unqualified after conducting extensive voir dire. During voir dire, one witness demonstrated that the majority of his experience with finder fees occurred after the Apple-Robotics contract was consummated and that he had paid a finder's fee only once prior to the Apple-Robotics contract. The second witness had virtually no experience with small computer companies like Robotics and lacked substantial personal knowledge of finder's fees. The third witness had knowledge of only one finder's fee payment. Thus, the record amply demonstrates that Robotics laid an insufficient foundation for these witnesses and that the trial court did not abuse its discretion in excluding them.

## C. Bad Faith Termination.

■ Robotics' final contention on appeal is that LuMetta was a finder rather than a broker, and thus cannot recover damages without establishing bad faith termination. However, there is substantial evidence LuMetta acted as a broker, rather than as a finder. He provided a test modem to Apple, arranged for its repair when trouble occurred, and generally remained in contact with Apple. *See Tyrone v. Kelley,* 9 Cal.3d 1, 9, 507 P.2d 65, 70, 106 Cal.Rptr. 761, 766 (1973) (finder distinguished from broker by the lack of any role beyond the introduction of the principals). Moreover, the fact that Robotics terminated LuMetta immediately before the $14.5 million dollar sale to Apple was consummated would allow a reasonable jury to infer the termination was made in bad faith. *See Rose v. Hunter,* 155 Cal.App.2d 319, 324–25, 317 P.2d 1027, 1031 (1957) (where negotiations have commenced and an agreement is near, a broker is entitled to the agreed-upon commission if he is terminated in bad faith before the agreement is consummated). Thus, LuMetta was entitled to damages.

AFFIRMED.