990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
S.A.E. AFIKIM, Plaintiff-Appellee,
v.
BECO DAIRY AUTOMATION, INC., Defendant-Appellant.
 No. 92-15029.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1993.*
Decided March 29, 1993.
 
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Beco Dairy Automation, Inc. (Beco) appeals the jury's damages award to S.A.E. Afikim (Afikim). Afikim sought over $1,000,000 for breach of contract and $8,368.50 for various common counts. The jury awarded a total of $82,992,80 to Afikim. That amount included the entire recovery sought under the common counts, which Beco did not dispute. On appeal, Beco attacks the award's remaining two components: (1) $60,000 for a year of compensation to Allan Paterson, and (2) $14,624.30 for the cost of fixing equipment damaged by Beco's faulty installation of milk meters at the Hathaway Dairy in Oregon. We affirm.
 
 A. Excessive Damages Claim ($60,000)
 
 3
 In this diversity action, California law is controlling on the contract and damages issues. See LuMetta v. United States Robotics, Inc., 824 F.2d 768, 770 (9th Cir.1987). Under California law, the measure of damages for breach of contract generally "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal.Civ.Code § 3300. "Damages awarded should, insofar as possible, place plaintiff in the same position he would have been had the contract been performed, but he should not be awarded more than the benefit which he would have received had the promissor performed." Glendale Fed. Sav. & Loan Ass'n v. Marina View Heights Dev. Co., 66 Cal.App.3d 101, 123, 135 Cal.Rptr. 802 (Cal.Ct.App.1977).
 
 
 4
 For that reason, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." Cal.Civ.Code § 3301. Nevertheless, "[w]here the fact of damages is certain, the amount of damages need not be calculated with absolute certainty. The law requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation." GHK Assoc. v. Mayer Group, Inc., 224 Cal.App.3d 856, 877, 274 Cal.Rptr. 168 (Cal.Ct.App.1990) (citations omitted).
 
 
 5
 Afikim introduced evidence that it had to keep Paterson in the United States for an additional year in order to correct the problems caused by Beco's deficient performance under its distributorship contract. During that year, Afikim paid Paterson about $5,000 per month for salary and monthly expenses. Had it not been for Beco's breach, Paterson could have been sent back to England and the expenses would have ended. Also, Afikim would not have had to pay someone to cover his duties in England. Afikim does not dispute that Paterson worked on matters other than those arising out of the Beco dispute. However, as the district court explained, the jury could have reasonably found that the amount of time Paterson spent on other matters was negligible. Accordingly, Beco's first argument fails.
 
 
 6
 Beco also fails to show that it was entitled to a setoff for its $12,000 payment. Beco presented evidence that it paid $1,000 a month to Afikim for a year. It asserts that all of those payments should be deducted from Paterson's $60,000 of salary. The payments were made pursuant to the distributorship agreement between Afikim and Beco which obligated Beco to pay $1,000 a month plus expenses for "services in the form of consultation, training, sales promotion and supervision of the installation of equipment."
 
 
 7
 Beco has never explained why distributorship agreement payments, which ran from September 1987 through August 1988 and were for Paterson's specific services in consultation, training, sales promotion and supervision of the installation of equipment, should be offset against a salary, which ran from April 1988 through March 1989 and was incurred, among other things, in attempts to correct problems caused by Beco's own poor installation performance. The former were pursuant to the contract itself. The latter was for damages Afikim suffered when Beco breached that contract.
 
 
 8
 We do perceive an overlapping period--April 1988 through August 1988--when Beco was paying the $1,000 contract amount and Afikim was accruing the $5,000 salary expense. However, Beco did not focus on that before the jury, or before the district court, or, for that matter, before us. It has always insisted on a lump sum deduction of $12,000. We will not attempt to imagine or decide the issues that might be involved in a claim for partial offset. See Ackerman v. Western Elec. Co., 860 F.2d 1514, 1517 (9th Cir.1988).
 
 B. Discovery Abuse Claim ($14,624.30)
 
 9
 Beco also objects to the $14,624.30 part of the damage award. That is based on its claim that Afikim's discovery responses were not sufficient. However, the district court did not abuse its discretion in allowing Afikim to introduce evidence of its damages during trial. The court found that Afikim had not intentionally failed to comply with discovery requests, and that its discovery responses sufficiently apprised Beco of the nature of the damage claims so that Beco could adequately defend itself. The court also found Beco was not prejudiced by the alleged deficiency in Afikim's interrogatory or document production responses. Not only did Afikim's responses to Beco's second set of interrogatories detail the nature of the remedial work performed at the Hathaway Dairy, but Beco deposed Paterson for five days, during which time Beco questioned Paterson about Afikim's expenditures to correct problems caused by Beco's performance.
 
 
 10
 None of the district court determinations was clearly erroneous.[1] See Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (courts have considerable discretion to impose discovery sanctions, and severe sanctions of default or dismissal are warranted only if prejudice is found); see also Von Brimer v. Whirlpool Corp., 536 F.2d 838, 843-45 (9th Cir.1976) (court properly exercised its discretion to exclude evidence where it found that plaintiff willfully failed to comply with discovery orders by producing new evidence on the "eve of trial.").
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of the discovery problems, the district court did refuse to let Afikim pursue certain types of damages. That determination has not been appealed