39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan Koon-To PAU; Jin-Si Pau, a minor, by Alan Koon-To Pau,
as guardian ad litem; Jin-Yi Pau, a minor, by
Alan Koon-To Pau, as guardian ad litem;
Estate of Wai-Ching So,
Plaintiffs-Appellants,
v.
YOSEMITE PARK AND CURRY COMPANY, an MCA Company, Defendant-Appellee.
 No. 93-15577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Nov. 3, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 This case involves a fatal bicycle accident in Yosemite National Park. A jury found Yosemite Park and Curry Company ("Curry Company") not liable for the death of Eleanor Wai-Ching So. The family and estate of the decedent (collectively the "Paus") appeal the denial of summary judgment and several evidentiary rulings by the trial judge. We affirm.
 
 
 4
 * The Paus argue that the district court erred by denying its motion for interlocutory summary judgment on the issue of Curry Company's liability, pursuant to Federal Rule of Civil Procedure 56(c). We raise sua sponte the question of whether we have jurisdiction to review the denial of summary judgment, and conclude that we do not. "[T]he denial of a motion for summary judgment is not reviewable on appeal from a final judgment entered after a full trial on the merits." Locricchio v. Legal Services Corp., 833 F.2d 1352, 1359 (9th Cir.1987) (emphasis added). Although the general rule is that the denial of summary judgment is appealable if followed by another final judgment, Jones-Hamilton v. Beazer Materials & Services, 973 F.2d 688, 693 (9th Cir.1992), this rule does not apply when there is a jury verdict. As explained in Locricchio, it would be unjust to deprive a party of a jury verdict after the evidence was fully presented on the basis that the court incorrectly decided a trial was necessary. Id.
 
 II
 
 5
 The Paus asserted various tort claims alleging negligence and breach of express warranty which were the subject of a jury trial.[1] At the first trial of the action, the district court excluded evidence of a new road sign placed by the National Park Service, holding that the sign was a subsequent remedial measure and thus was inadmissible under Federal Rule of Evidence 407. The jury returned a verdict in favor of Curry Company. On appeal, we held that the district court had committed reversible error in excluding evidence of the new sign and remanded the case for a new trial. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 887-88 Cir.1991). In Pau we explained that Federal Rule of Evidence 407 applies only to a defendant's subsequent remedial measure. Because the National Park Service was not a defendant, the sign could not be excluded under rule 407. Id. at 887. The Paus also claimed that the court erred by excluding a videotape of a Curry Company employee, Joe Alfano, advising renters not to ride on the Mirror Lake trail because it was unsafe, and by excluding a new brochure issued by Curry Company which expressly prohibited renters from using Mirror Lake Trail. We did not review the exclusion of the videotape and the brochure because the Paus failed to provide an adequate record. Id.
 
 
 6
 At the start of trial on remand, the district court excluded evidence of the videotape, holding that it was improperly obtained and was subsequent remedial conduct excluded by Federal Rule of Evidence 407. The court also excluded the new brochure pursuant to rule 407. In addition, it excluded testimony by former Yosemite Chief Law Enforcement and Tort Claims Officer Lee Shackelton that other accidents prompted the placement of the new sign. Over the objections of the Paus, the district court permitted Curry Company to introduce into evidence a rental contract signed by Eleanor containing a warning about the inherent risks, including the risk of death, associated with outdoor sports; and testimony from Ranger Bryant regarding the statements made by Eleanor's husband shortly after the accident. The jury returned a verdict in favor of Curry Company.
 
 III
 
 7
 The Paus argue that the district court erred by excluding the videotaped statement, the new brochure, and certain testimony by Shackelton. Evidentiary decisions are reviewed for abuse of discretion. Kisor v. Johns-Manville Corp., 783 F.2d 1337, 1340 (9th Cir.1986).
 
 
 8
 The district court excluded both the videotaped statement and the new brochure on the ground that it was evidence of subsequent remedial conduct barred by Federal Rule of Evidence 407. The district court did not abuse its discretion in excluding either the new brochure or the Alfano videotape. Because the new brochure is evidence of subsequent remedial conduct, it is inadmissible under Federal Rule of Evidence 407. Causey v. Zinke (In re Aircrash in Bali, Indonesia), 871 F.2d 812, 816-17 (9th Cir.), cert. denied 493 U.S. 917 (1989).
 
 
 9
 The videotaped statements of Alfano are also inadmissible. The Paus argue that statements on the videotape relating to dangerous conditions on the trail in the past constitute admissions of negligence and breach of express warranty on the part of Curry Company. However, the Paus failed to establish a proper foundation, pursuant to Federal Rule of Evidence 801(d)(2)(D). Rule 801 requires a showing that the statement was made by the party-opponent's agent and concerned a matter within the scope of the agency relationship. United States v. Jones, 766 F.2d 412, 415 (9th Cir.1985). The fact of agency may not be proved by the alleged statement itself but instead must proven by "substantial" evidence independent of the statement. Id. Mere proof that the person testifying is an employee is not enough. See United States v. Bensinger Co., 430 F.2d 584, 593-94 (8th Cir.1970). No such foundational showing was made here. Absent additional, independent evidence indicating that Alfano had the authority to speak for Curry Company, the Paus cannot establish liability as a matter of law on the basis of Alfano's statement.
 
 
 10
 The Paus also challenge the district court's exclusion of certain testimony by Shackelton, who was employed by Yosemite at the time of the bicycle accident. The Paus sought to elicit testimony from Shackelton regarding (1) the motives of the park service for placing a "no rental bikes" road sign on Mirror Lake Trail and (2) the occurrence of prior bicycle accidents on Mirror Lake Trail. During Shackelton's testimony, Curry Company objected to the foundation regarding Shackelton's personal knowledge on these matters. The district court sustained the objections.
 
 
 11
 Shackelton's testimony regarding the motive of the park service was properly excluded by the district court. Shackleton testified that he did not know whose decision it was to put up the sign. When the witness himself testifies that he has insufficient knowledge of certain facts, a trial court does not abuse its discretion by excluding further testimony on those facts. See LuMetta v. United States Robotics, Inc., 824 F.2d 768, 771 (9th Cir.1987).
 
 
 12
 The district court was also well within its discretion in excluding Shackelton's testimony regarding prior accidents on Mirror Lake Trail. Accident reports compiled by Yosemite park investigators were the sole source of Shackelton's knowledge; he had no personal knowledge of accidents themselves. Testimony based on the conclusions in accident reports by a witness with no personal knowledge of the recorded facts that underlie the conclusions is double hearsay. Further, opinion testimony without any factual basis in the record is inadmissible. Gray v. Shell Oil Company, 469 F.2d 742, 750 (9th Cir.1972), cert. denied 412 U.S. 943 (1973).
 
 IV
 
 13
 The Paus object to the admission of a rental contract signed by Eleanor and the admission of testimony by Ranger Grady Bryant regarding Mr. Pau's statement shortly after the accident.
 
 The rental contract stated:
 
 14
 Warning: There are elements of risk in any adventure, sport or activity associated with the outdoors, and these risks can result in accidents causing personal or bodily injury, death or damage to or loss of personal property.
 
 
 15
 EXPRESS ASSUMPTION OF RISK AND RESPONSIBILITY: In recognition of the inherent risks of bicycle riding which I and my family, including minor children will engage in, I confirm that we are physically and mentally capable of participating in the activity and I assume full responsibility for any personal or bodily injury, death, or damage to or loss of personal property as a result of any accident that may occur to us, except to the specific degree and extent that Yosemite Park and Curry Co. negligently contributes to such injury.
 
 
 16
 Curry Company offered the rental contract as proof that Eleanor had assumed the risk of any accident stemming from the inherent danger of the sport. The Paus, however, contend that the rental contract was irrelevant because Curry Company had failed to plead assumption of the risk as an affirmative defense in its answer and, therefore, was not entitled to introduce evidence relevant to that defense. Such evidence, the Paus contend, only confused the jury, improperly shifting the focus from the issue of whether Curry Company breached a duty of care it owed to Eleanor.
 
 
 17
 The district court was within its discretion in admitting the rental contract. While it is true that assumption of the risk was not pleaded by the defendant, "secondary assumption of risk" is relevant as a form of contributory negligence. See Knight v. Jewett, 834 P.2d 696 (Cal.1992). Secondary assumption of the risk occurs when the defendant creates a danger by his breach of the standard of care, but the plaintiff voluntarily encounters the danger posed by the breach. Under California's comparative fault scheme, a jury can reduce the plaintiff's recovery according to the degree that the plaintiff's negligence contributed to her own injury. See Li v. Yellow Cab Co., 532 P.2d 1226 (Cal.1975).
 
 V
 
 18
 The Paus contend that the district court abused its discretion by allowing Ranger Bryant to testify regarding Mr. Pau's statement as to the cause of the crash. Reading from his investigative report of the accident, Bryant testified: "It is the opinion of Mr. Pau, that due to the speed, Mrs. Pau did not remember to use the foot brake." At trial, the Paus' attorney objected to the testimony on the ground that it was "pure hearsay" and "pure speculation," and that the potential for unfair prejudice substantially outweighed the probative value of the statement. The district court allowed the statement to be admitted as an admission of a party opponent. See Fed.R.Evid. 801(d)(2)(A).
 
 
 19
 The statement is not hearsay under rule 801(d)(2)(A). The statement was made by Mr. Pau, a party to the action, and was offered by Curry Company against him at trial. Mr. Pau's counsel repeatedly objected that the statement was "pure speculation" on Mr. Pau's part. Whether Mr. Pau was speculating when he made the statement is irrelevant to the statement's admissibility. Admissions of a party opponent need not be based upon personal knowledge and are not subject to rule 701. See 4 Jack B. Weinstein et al., Weinstein's Evidence Sec. 801(d)(2)(A) (1994); Fed.R.Evid. 801(d)(2)(A) advisory committee's note (admissions are free "from the restrictive influences of the opinion rule and the rule requiring first hand knowledge").
 
 
 20
 Although it is not hearsay and not excludable on the grounds that it is "speculative," Mr. Pau's statement must still meet the requirements of Federal Rule of Evidence 403. See McAlinney v. Marion Merrell Dow, Inc., 992 F.2d 839, 843 (8th Cir.1993). The district court was within its discretion in determining that the statement's probative value was not substantially outweighed by the danger of unfair prejudice. Mr. Pau had already testified that his wife's feet were not on the pedals at the time of accident; it was undisputed that she had not applied the brakes. The statement was presented simply as Mr. Pau's opinion as to why she had not done so. Any potential for prejudice was minimal.
 
 VI
 
 21
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Other defendants, the maker of the bicycle and the maker of the brakes, settled out of court with the Paus